**SHAKED LAW GROUP, P.C.**
Dan Shaked, Esq.
14 Harwood Court, Suite 415
Scarsdale, NY 10583
Tel. (917) 373-9128
Email: ShakedLawGroup@gmail.com
*Attorneys for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RASHETA BUNTING, Individually and as the
representative of a class of similarly situated persons,

                                                                    Case No. 23-cv-8577

                                    Plaintiff,


                        - against -


PETROSIAN ESTHETIC ENTERPRISES, LLC,


                                    Defendant.
----------------------------------------------------------X


## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff, Rasheta Bunting ("Plaintiff" or "Bunting"), brings this action on behalf of herself and all other persons similarly situated against Petrosian Esthetic Enterprises, LLC (hereinafter "Petrosian" or "Defendant"), and states as follows:

2. Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using her computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision; others have no vision.

3. Based on a 2010 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind, and according to

1

the American Foundation for the Blind's 2015 report, approximately 400,000 visually impaired persons live in the State of New York.

4. Plaintiff brings this civil rights action against Petrosian for their failure to design, construct, maintain, and operate their website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired persons. Defendant is denying blind and visually-impaired persons throughout the United States with equal access to the goods and services Petrosian provides to their non-disabled customers through http//:www.sevlaser.com (hereinafter "sevlaser.com" or "the website"). Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act (the "ADA").

5. sevlaser.com provides to the public a wide array of the goods, services, price specials, employment opportunities and other programs offered by Petrosian. Yet, sevlaser.com contains thousands of access barriers that make it difficult if not impossible for blind and visually-impaired customers to use the website. In fact, the access barriers make it impossible for blind and visually-impaired users to even complete a transaction on the website. Thus, Petrosian excludes the blind and visually-impaired from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind and visually-impaired persons to fully and independently access a variety of services.

6. The blind have an even greater need than the sighted to shop and conduct transactions online due to the challenges faced in mobility. The lack of an accessible website means that blind people are excluded from experiencing transacting with defendant's website and from purchasing goods or services from defendant's website.

2

7. Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendant has chosen to rely on an exclusively visual interface. Petrosian's sighted customers can independently browse, select, and buy online without the assistance of others. However, blind persons must rely on sighted companions to assist them in accessing and purchasing on sevlaser.com.

8. By failing to make the website accessible to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

9. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York state law requires places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

10. Plaintiff browsed and intended to book an appointment at Defendant's Brooklyn, NY location for laser hair removal and to make a purchase of the SEV Heaven Scent on sevlaser.com. However, unless Defendant remedies the numerous access barriers on its website, Plaintiff and Class members will continue to be unable to independently navigate, browse, use, and complete a transaction on sevlaser.com.

11. Because Defendant's website, sevlaser.com, is not equally accessible to blind and visually-impaired consumers, it violates the ADA. Plaintiff seeks a permanent injunction to cause a change in Petrosian's policies, practices, and procedures to that Defendant's website will become and remain accessible to blind and visually-impaired consumers. This complaint also

3

seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181 *et seq*., and 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs.  See 28 U.S.C. § 133(d)(2).

13. This Court also has supplemental jurisdiction over pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq*.) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq*. ("City Law").

14. Venue is proper in this District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 144(a) because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District.

15. Defendant is registered to do business in New York State and has been conducting business in New York State, including in this District.  Defendant maintains Brick-and-mortar places of accommodation in this District which are subject to personal jurisdiction in this District.  Defendant also has been and is committing the acts alleged herein in this District and has been and is violating the rights of consumers in this District and has been and is causing injury to consumers in this District.  A substantial part of the act and omissions giving rise to Plaintiff's claims have occurred in this District.

## PARTIES

16. Plaintiff, is and has been at all relevant times a resident of Kings County, State of New York.

17. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(l)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*., the New York State Human Rights Law and the New York City Human Rights Law. Plaintiff, Rasheta Bunting, cannot use a computer without the assistance of screen reader software.  Plaintiff, Rasheta Bunting, has been denied the full enjoyment of the facilities, goods and services of sevlaser.com, as well as to the facilities, goods and services of Defendant's brick and mortar locations, as a result of accessibility barriers on sevlaser.com.

18. Defendant, Petrosian Esthetic Enterprises, LLC, is a California foreign limited liability company doing business in New York State with its principal place of business located at 1131 N. Brand Boulevard, Glendale, CA 91202.

19. Defendant owns and operates Sev Stores (hereinafter, "Sev Stores" or "Stores"), which is a place of public accommodation.  Sev Stores are located in New York State and throughout the country.

20. Sev Stores provide to the public important and enjoyable goods and services such as full-body hair removals, Botox, and other beauty treatments. The Stores have many unique services that cannot be found anywhere else. Defendant also provides to the public a website known as sevlaser.com which provides consumers with access to an array of goods and services offered to the public by the Sev Stores, including, the ability to learn about the products and services which are offered for sale, make purchases, learn about promotions, and learn about Sev Stores and information about the Stores locations, and times of operation, among other features.  The inaccessibility of sevlaser.com has deterred Plaintiff from to booking an

5

appointment at Defendant's Brooklyn, NY location for laser hair removal and from making a purchase of the SEV Heaven Scent.

21. Defendant's locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).  Defendant's website is a service, privilege, or advantage that is heavily integrated with Defendant's physical Stores and operates as a gateway thereto.

## NATURE OF THE CASE

22. The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually-impaired persons alike.

23. The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen.  Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet.  Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

24. For screen-reading software to function, the information on a website must be capable of being rendered into text.  If the website content is not capable of being rendered into text, the blind user is unable to access the same content available to sighted users.

25. Blind users of Windows operating system-enabled computers and devises have several screen-reading software programs available to them.  Job Access With Speech, otherwise known as "JAWS" is currently the most popular, separately purchase and downloaded screen-reading software program available for blind computer users.

26. The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0"). WCAG 2.0 are well-established guidelines for making websites accessible to blind and visually-impaired persons. These guidelines are universally followed by most large business entities and government agencies to ensure their websites are accessible. Many Courts have also established WCAG 2.0 as the standard guideline for accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including but not limited to: adding invisible alt-text to graphics, ensuring that all functions can be performed using a keyboard and not just a mouse, ensuring that image maps are accessible, and adding headings so that blind persons can easily navigate the site. Without these very basic components, a website will be inaccessible to a blind person using a screen reader.

## FACTUAL ALLEGATIONS

27. Defendant operates Sev Stores in New York State and throughout the United States and provides full-body hair removals, Botox, and other beauty services.

28. sevlaser.com is a service and benefit offered by Petrosian in New York State and throughout the United States and the world. sevlaser.com is owned, controlled and/or operated by Petrosian Esthetic Enterprises, LLC.

29. sevlaser.com is a commercial website that offers products and for online sale that are available in the Sev Stores. The online Store allows the user to browse and learn about the full-body hair removals, Botox services, and other beauty services which are offered for sale, make purchases, and perform a variety of other functions.

30. Among the features offered by sevlaser.com are the following:

(a) learning about Store information including, allowing persons who wish to visit Sev Stores to learn their location, hours of operation, and phone numbers;

(b) an online Store, allowing customers to learn about and purchase unique scented candles and gift cards for Defendant's services for delivery to their doorstep; and

(c) learning about the company, learning about shipping and return policies, learning about the authenticity of the products, and learning about promotions.

31. This case arises out of Petrosian's policy and practice of denying the blind access to sevlaser.com, including the goods and services offered by Sev Stores through sevlaser.com. Due to Petrosian's failure and refusal to remove access barriers to sevlaser.com, blind individuals have been and are being denied equal access to Sev Stores, as well as to the numerous goods, services and benefits offered to the public through sevlaser.com.

32. Petrosian denies the blind access to goods, services and information made available through sevlaser.com by preventing them from freely navigating sevlaser.com.

33. sevlaser.com contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen-reading software. These barriers are pervasive and include, but are not limited to: lack of alt-text on graphics, inaccessible drop-down menus, the lack of navigation links, the lack of adequate prompting and labeling, the denial of keyboard access, empty links that contain no text, redundant links where adjacent links go to the same URL address, and the requirement that transactions be performed solely with a mouse.

34. Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen-reader can speak the alternative text while sighted users see the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over

8

the picture.  There are many important pictures on sevlaser.com that lack a text equivalent.  The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics (screen-readers detect and vocalize alt-text to provide a description of the image to a blind computer user).  As a result, Plaintiff and blind sevlaser.com customers are unable to determine what is on the website, browse the website or investigate Sev Stores' web pages and/or make purchases.

35. sevlaser.com also lacks prompting information and accommodations necessary to allow blind shoppers who use screen-readers to locate and accurately fill-out online forms.  On a shopping site such as sevlaser.com, these forms include fields to locate products and services, fields to select locations, and fields used to fill-out personal information, including address and credit card information.  Due to lack of adequate labeling, Plaintiff and blind customers cannot make purchases or inquiries as to Defendant's merchandise, nor can they enter their personal identification and financial information with confidence and security.

36. Specifically, when Plaintiff, using JAWS, attempted to make a purchase, she encountered the following problems:

- Plaintiff was unable to use "skip to content" navigation in order to reach the main content of the website. Consequently, she had to navigate through the entire website every time she wanted to access relevant content. This was very time consuming and involved tabbing through hundreds of items before reaching relevant information.
- Plaintiff was unable to access any of the services offered for sale. When a sighted person visits the website, they can see three links at the top left of the home page labeled "Laser Hair Removal," "Injectables," and "Skin and Body." Hovering over these links reveals subcategories of services that are available at the Sev Stores. Clicking on one of the links on these drop-down menus allows visitors to access information about the services offered by Defendant. These drop-down menus are not accessible with a screen reader, and as a result, Plaintiff and other blind users cannot access key information about Defendant's services. This is a critical error.
- Plaintiff was unable to access her shopping cart. When a sighted person visits the website, they can see a shopping cart icon at the top right of the screen, by which they can access this shopping cart. The screen reader, however, announces this link

as the number of items in the shopping cart, followed by the word "link." This is not a meaningful label, and Plaintiff and other blind users would not know the purpose of the icon, and therefore they cannot access their shopping carts.

- It is impossible to add an item to the shopping cart on this website. When Plaintiff selected Add to Cart, she was NOT given a verbal notification that her item was added to the shopping cart. Plaintiff and other blind users will assume that the Add to Cart button does not function and that items cannot be added to the shopping cart on this website. This is a critical error.

- Plaintiff was unable to complete the checkout process because she did not receive error notification. If a checkout form is submitted with errors, sighted customers can see that the system responds by highlighting each problematic field in red and including an error message in each field. However, no verbal notification is given, and as a result, Plaintiff and other blind users are not made aware of any errors present in their checkout forms. This is a critical error.

- Plaintiff was unable to make a booking for laser hair removal in Brooklyn, NY. After following the Book Now link, a webpage opens where plaintiff had to first confirm that she is ready/eligible to book an appointment. Plaintiff qualified under all the conditions and was able to check all boxes. However, when she selected the Book Now button, nothing happened. She did not hear an announcement. Sighted visitors to the website will see a pop-up box appear when selecting the Book Now button. The pop-up box enables them to select a location and proceed to selecting services and signing up. However, this pop-up box is NOT announced and focus does NOT move into the box, thereby preventing Plaintiff and other blind screen reader users from making a booking on the website.

Consequently, Plaintiff and blind visitors to the website are unable to complete a transaction.

37. On sevlaser.com, blind customers are not aware if the desired products have been added to the shopping cart because the screen-reader does not indicate the type of product. Therefore, blind customers are essentially prevented from purchasing any product on sevlaser.com.

38. Furthermore, sevlaser.com lacks accessible image maps. An image map is a function that combines multiple words and links into one single image. Visual details on this single image highlight different "hot spots" which, when clicked on, allow the user to jump to many different destinations within the website. For an image map to be accessible, it must contain alt-text for the various "hot spots." The image maps on sevlaser.com's menu page do not

contain adequate alt-text and are therefore inaccessible to Plaintiff and the other blind individuals attempting to make a purchase. When Plaintiff tried to access the menu link in order to make a purchase, she was unable to access it completely.

39. Moreover, the lack of navigation links on Defendant's website makes attempting to navigate through sevlaser.com even more time consuming and confusing for Plaintiff and blind consumers.

40. sevlaser.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, sevlaser.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently navigate and/or make bookings and purchases on sevlaser.com.

41. Due to sevlaser.com's inaccessibility, Plaintiff and blind customers must in turn spend time, energy, and/or money to make their purchases at a Sev Stores. Some blind customers may require a driver to get to the Stores or require assistance in navigating the Stores. Unfortunately, Plaintiff could not even locate a Store location on the website. By contrast, if sevlaser.com was accessible, a blind person could independently investigate products and programs and make purchases and/or reservations via the Internet as sighted individuals can and do. According to WCAG 2.0 Guideline 2.4.1, a mechanism is necessary to bypass blocks of content that are repeated on multiple webpages because requiring users to extensively tab before reaching the main content is an unacceptable barrier to accessing the website. Plaintiff must tab through every navigation bar option and footer on Defendant's website in an attempt to reach the

desired service.  Thus, sevlaser.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently make bookings and purchases on sevlaser.com.

42. sevlaser.com thus contains access barriers which deny the full and equal access to Plaintiff, who would otherwise use sevlaser.com and who would otherwise be able to fully and equally enjoy the benefits and services of Sev Stores in New York State and throughout the United States.

43. Plaintiff, Rasheta Bunting, has made numerous attempts to complete a purchase on sevlaser.com, most recently on November 4, 2023; November 8, 2023; and November 13, 2023, but was unable to do so independently because of the many access barriers on Defendant's website.  These access barriers have caused sevlaser.com to be inaccessible to, and not independently usable by, blind and visually-impaired persons.  Amongst other access barriers experienced, Plaintiff was unable to book an appointment at Defendant's Brooklyn, NY location for laser hair removal and make a purchase of the SEV Heaven Scent on the website.

44. Moreover, if Defendant removes the access barriers that currently exist on the Website, Plaintiff will definitely visit the Website in the future to inquire about the many full-body laser hair removals, Botox services, and other beauty services that Defendant offers at their locations. Just because you are blind, does not mean that you cannot look beautiful. As a blind person, Plaintiff has trouble getting rid of unwanted body hair on her own, and has been looking for a more practical solution, such as laser hair removal, for some time. Defendant has opened a store in Brooklyn, where Plaintiff lives, and Plaintiff became aware of Defendant's business through the publicity that the Brooklyn store opening received. In the past few months, she has been trying to browse and make purchases on the website, but has been deterred from doing so due to the accessibility barriers which exist. If the site was accessible, Plaintiff would like to

make a booking for laser hair removal, purchase items including scented candles and gift cards, and browse for new services that are regularly and continuously being introduced by Defendant. Defendant vouches for the authenticity of the products sold on the website and offers them for good prices. Plaintiff has bought similar items from other (accessible) online vendors in the past and has had spa services at other spas. However, as Defendant's brand is well known and reputable through the many physical locations it has, Plaintiff would continue to make purchases on Defendant's website if it was accessible. Unlike a brick-and-mortar facility, a website is instantly accessible at any moment, and, thus, an inability to make a purchase can only be attributed to access barriers (whereas for brick-and-mortal locations it can be attributed to proximity, travel time, etc.). *See Sanchez v. Nutco, Inc.*, 10-CV-10107 (JPO), 2022 U.S. Dist. LEXIS 51247, at \*7 (S.D.N.Y. Mar. 22, 2022) (citing *Quezada v U.S. Wings, Inc.*, 20 Civ. 10707 (ER), 2021 U.S. Dist. LEXIS 234057, at \*4 (S.D.N.Y. Dec. 7 2021)). Determining whether an ADA website accessibility complaint properly allege whether plaintiff lives in "close proximity" to a specific location makes no sense when goods can be browsed, bought, and delivered to Plaintiff's home through a website. Likewise, factual considerations of an intent to return regarding a physical location, such as how often the plaintiff walks by the location, or how often they enter the facility, are not applicable. *Cf. Lopez v. Arby Franchisor, LLC*, 19-CV-10074 (VSB) 2021 U.S. Dist. LEXIS 43838. at \*10 (S.D.N.Y. March 8, 2021). Plaintiff made numerous attempts to make purchases on the website during September, October, and November 2023 without success and will definitely make purchases of additional products and services, including the new products and services that are regularly added to the website, amongst many other products which are sold on the website and which currently cannot be purchased by blind persons.

13

45. As described above, Plaintiff has actual knowledge of the fact that Defendant's website, sevlaser.com, contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually-impaired persons.

46. These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of sevlaser.com and the Sev Stores.

47. Defendant engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

(a) constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

48. Defendant utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

49. Because of Defendant's denial of full and equal access to, and enjoyment of, the goods, benefits and services of sevlaser.com and Sev Stores, Plaintiff and the class have suffered an injury-in-fact which is concrete and particularized and actual and is a direct result of defendant's conduct.

## CLASS ACTION ALLEGATIONS

50. Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted

to access sevlaser.com and as a result have been denied access to the enjoyment of goods and services offered in the Sev Stores, during the relevant statutory period."

51. Plaintiff seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in New York State who have attempted to access sevlaser.com and as a result have been denied access to the enjoyment of goods and services offered in the Sev Stores, during the relevant statutory period."

52. There are hundreds of thousands of visually-impaired persons in New York State. There are approximately 8.1 million people in the United States who are visually-impaired. *Id*. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

53. This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of sevlaser.com and the Sev Stores. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse, select and shop on sevlaser.com and by extension the goods and services offered through Defendant's website to Sev Stores.

54. There are common questions of law and fact common to the class, including without limitation, the following:

(a) Whether sevlaser.com is a "public accommodation" under the ADA;

(b) Whether sevlaser.com is a "place or provider of public accommodation" under the laws of New York;

15

(c) Whether Defendant, through its website, sevlaser.com, denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

(d) Whether Defendant, through its website, sevlaser.com, denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the law of New York.

55. The claims of the named Plaintiff are typical of those of the class. The class, similar to the Plaintiff, is severely visually-impaired or otherwise blind, and claims Petrosian has violated the ADA, and/or the laws of New York by failing to update or remove access barriers on their website, sevlaser.com, so it can be independently accessible to the class of people who are legally blind.

56. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

57. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

58. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial

system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

59. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181 *et seq.* – Title III of the Americans with Disabilities Act)

60. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 59 of this Complaint as though set forth at length herein.

61. Title III of the American with Disabilities Act of 1990, 42 U.S.C. § 12182(a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

62. The Sev Stores located in New York State are a sales establishment and public accommodation within the definition of 42 U.S.C. §§ 12181(7)(E). sevlaser.com is a service, privilege or advantage of Sev Stores. sevlaser.com is a service that is by and integrated with the Stores.

63. Defendant is subject to Title III of the ADA because it owns and operates the Sev Stores.

64. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I), it is unlawful

discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

65. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

66. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

67. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

68. There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually-impaired.  These guidelines have been followed by other business entities in making their websites accessible, including but not limited

to ensuring adequate prompting and accessible alt-text.  Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

69. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq*., and the regulations promulgated thereunder.  Patrons of Sev Stores who are blind have been denied full and equal access to sevlaser.com, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

70. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct.  These violations are ongoing.

71. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of sevlaser.com and Sev Stores in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*. and/or its implementing regulations.

72. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

73. The actions of Defendant were and are in violation of the ADA, and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

74. Plaintiff is also entitled to reasonable attorneys' fees and costs.

75. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
(Violation of New York State Human Rights Law, N.Y. Exec. Law
Article 15 (Executive Law § 292 *et seq*.))

76. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 75 of this Complaint as though set forth at length herein.

77. N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation . . . because of the . . . disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof.".

78. The Sev Stores located in New York State are a sales establishment and public accommodation within the definition of N.Y. Exec. Law § 292(9). sevlaser.com is a service, privilege or advantage of Sev Stores. sevlaser.com is a service that is by and integrated with the Stores.

79. Defendant is subject to the New York Human Rights Law because it owns and operates the Sev Stores and sevlaser.com. Defendant is a person within the meaning of N.Y. Exec. Law. § 292(1).

80. Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to sevlaser.com, causing sevlaser.com and the services integrated with Sev Stores to be completely inaccessible to the blind. This inaccessibility denies blind patrons the full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

81. Specifically, under N.Y. Exec. Law § unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages

or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

82. In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

83. There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually-impaired.  These guidelines have been followed by other business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed by using a keyboard.  Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

84. Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296(2) in that Defendant has:

(a) constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

21

(c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

85. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct.  These violations are ongoing.

86. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of sevlaser.com and Sev Stores under N.Y. Exec. Law § 296(2) *et seq*. and/or its implementing regulations.  Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

87. The actions of Defendant were and are in violation of the New York State Human Rights Law and therefore Plaintiff invokes her right to injunctive relief to remedy the discrimination.

88. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exec. Law § 297(4)(c) *et seq*. for each and every offense.

89. Plaintiff is also entitled to reasonable attorneys' fees and costs.

90. Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

### **THIRD CAUSE OF ACTION**
(Violation of New York State Civil Rights Law, NY CLS Civ R,
Article 4 (CLS Civ R § 40 *et seq*.))

91. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 90 of this Complaint as though set forth at length herein.

22

92. Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

93. N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities, and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons.  No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof . . ."

94. N.Y. Civil Rights Law § 40-c(2) provides that "no person because of . . . disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision."

95. The Sev Stores located in New York State are a sales establishment and public accommodation within the definition of N.Y. Civil Rights Law § 40-c(2).  sevlaser.com is a service, privilege or advantage of the Sev Stores.  sevlaser.com is a service that is by and integrated with the Stores.

96. Defendant is subject to New York Civil Rights Law because it owns and operates Sev Stores and sevlaser.com.  Defendant is a person within the meaning of N.Y. Civil Law § 40-c(2).

97. Defendant is violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers to sevlaser.com, causing sevlaser.com and the services integrated with the Sev Stores to be completely inaccessible to the blind.  This inaccessibility denies blind

23

patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

98. There are readily available, well-established guidelines on the Internet for making websites accessible to the blind and visually-impaired. These guidelines have been followed by other business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed by using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

99. In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty two . . . shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby . . ."

100. Specifically, under N.Y. Civil Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside . . ."

101. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

102. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability are

being directly indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq*. and/or its implementing regulations.

103. Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Rights Law § 40 *et seq*. for each and every offense.

### FOURTH CAUSE OF ACTION
(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq*.)

104. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 103 of this Complaint as though set forth at length herein.

105. N.Y.C. Administrative Code § 8-107(4)(a) provides that "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of . . . disability . . . directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

106. Sev Stores located in New York State are a sales establishment and public accommodation within the definition of N.Y.C. Administrative Code § 8-102(9).  sevlaser.com is a service, privilege or advantage of the Sev Stores.  sevlaser.com is a service that is by and integrated with the Stores.

107. Defendant is subject to City Law because it owns and operates the Sev Stores and sevlaser.com.  Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

108. Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to sevlaser.com, causing sevlaser.com and the services integrated with the Sev Stores to be completely inaccessible to the blind.  This inaccessibility

denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Specifically, Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq*.] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to . . . enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

109. Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant has:

(a) constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

110. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

111. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of sevlaser.com and the Sev Stores under N.Y.C. Administrative Code § 8-107(4)(a) and/or its implementing regulations. Unless the Court

enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

112. The actions of Defendant were and are in violation of City law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

113. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

114. Plaintiff is also entitled to reasonable attorneys' fees and costs.

115. Pursuant to N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
(Declaratory Relief)

116. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 115 of this Complaint as though set forth at length herein.

117. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that sevlaser.com contains access barriers denying blind customers the full and equal access to the goods, services and facilities of sevlaser.com and by extension Sev Stores, which Petrosian owns, operates and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the American with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., N.Y. Exec. Law § 296, *et seq*., and N.Y.C. Administrative Code § 8-107, *et seq*. prohibiting discrimination against the blind.

118. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendants as follows:

a) A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., N.Y. Exec. Law § 296, *et seq*., and N.Y.C. Administrative Code § 8-107, *et seq*., and the laws of New York;

b) A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, sevlaser.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that sevlaser.com is readily accessible to and usable by blind individuals;

c) A declaration that Defendant owns, maintains and/or operates its website, sevlaser.com, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq*., N.Y. Exec. Law § 296, *et seq*., and N.Y.C. Administrative Code § 8-107, *et seq*., and the laws of New York;

d) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

e) Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed class for violations of their civil rights under New York State Human Rights Law and City Law;

f) Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

g) For pre- and post-judgment interest to the extent permitted by law; and

h)   For such other and further relief which this court deems just and proper.

Dated:  Scarsdale, New York
          November 17, 2023

SHAKED LAW GROUP, P.C.
Attorneys for Plaintiff

By:*/s/Dan Shaked*_____
     Dan Shaked, Esq.
     14 Harwood Court, Suite 415
     Scarsdale, NY 10583
     Tel. (917) 373-9128
     e-mail: ShakedLawGroup@Gmail.com